UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRAYAN KEIBER VELANDIA PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>BRISON SWEARINGEN, FIELD OFFICE DIRECTOR, CHICAGO FIELD OFFICE,<br><br>Respondents. | ) | No. 2:26-cv-00645-JPH-MJD |

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Brayan Keiber Velandia Perez's petition for a writ of habeas corpus seeks his release from the Clay County Jail, where he is detained on behalf of federal immigration authorities. For the reasons explained below, the Court denies the petition without prejudice.

**I. Background**

Mr. Velandia Perez is a citizen of Venezuela. He entered the United States in Texas in June 2022 without possession of valid immigration documents and was paroled into the country through August 25, 2022. Dkt. 9-1 at 1, 6. On August 12, 2022, he updated his address and reported moving from Orlando to Chicago, where he remained. Dkt. 1 ¶¶ 15–16, 18.[1]

On September 9, 2026, Mr. Velandia Perez was arrested during a check-in with Chicago Enforcement and Removal Operations. Dkt. 9-1 at 6. Federal

[1] Respondents have not opposed the factual assertions in Mr. Velandia Perez's petition, so the Court accepts them as true.

immigration officials served him a parole revocation letter (even though his parole expired in August 2022) and a Notice to Appear that charges him as being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). *Id.* at 4, 6, 11. Mr. Velandia Perez was placed into removal proceedings and on September 15, 2026, received a custody redetermination hearing. *Id.* at 9. An immigration judge denied bond based on its determination that Mr. Velandia Perez was "[n]ot a danger, but a flight risk." *Id.* Mr. Velandia Perez reserved his right to appeal the bond decision, which is due by October 15, 2026. *Id.* at 10.

## II. Discussion

Mr. Velandia Perez challenges the immigration judge's denial of bond and determination that he is a flight risk. Dkt. 1 ¶ 5. His petition states that he had not filed an appeal to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 29. But his reply to the return to show cause states that on October 3, 2026, counsel for Mr. Velandia Perez sent an appeal to the BIA for filing. Dkt. 11 at 1. Mr. Velandia Perez asserts that the immigration judge wrongly determined that he is a flight risk without conducting an individualized assessment of his circumstances, in violation of his right to due process under the Fifth Amendment. Dkt. 1 ¶ 35. He asks that the Court excuse his failure to exhaust his administrative remedies before bringing this petition. *Id.* ¶ 30. He also asks that, if the Court denies his petition, the Court stay his petition rather than dismissing it to allow him to complete his appeal to the BIA. *Id.* ¶ 32.

Respondents assert that Mr. Velandia Perez's detention is lawful under 8 U.S.C. § 1226(a) because he has received a bond hearing, which is all the

process due to him. Dkt. 9 at 2–3. They reject his assertion that the immigration judge failed to consider his circumstances, arguing that "due process does not require consideration of specific factors." *Id.* at 3–4 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)). Even so, they argue that this Court lacks jurisdiction to review the immigration judge's discretionary decision. *Id.* at 3 (citing § 1226(e)). Respondents alternatively assert that the Court should dismiss this petition because Mr. Velandia Perez can appeal the denial of bond to the BIA or, if necessary, to the Seventh Circuit Court of Appeals. *Id.* at 4–5. Finally, Respondents assert that Mr. Velandia Perez's continued detention during his removal proceedings is not unlawful and is authorized under § 1226(a). *Id.* at 5–6.

**A. Jurisdiction**

Respondents cite 8 U.S.C. § 1226(e) in support of their argument that this Court lacks jurisdiction to review the immigration judge's denial of bond. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

Although § 1226(e) prohibits judicial review of discretionary judgments of immigration judges, it does not deprive federal courts of jurisdiction to hear constitutional challenges to detention in habeas cases. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) ("[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear. . . . Section 1226(e)

contains no explicit provision barring habeas review . . . .") (internal quotation omitted); *see also Davila Moreno v. Blanche*, No. 2:26-cv-00426-JPH-MG, dkt 14, at *4–5 (S.D. Ind. July 24, 2026) (collecting cases). The Court concludes that it has jurisdiction over Mr. Velandia Perez's constitutional claim which alleges violation of his right to due process under the Fifth Amendment.

**B. Exhaustion**

Respondents further argue that the Court should dismiss the petition because Mr. Velandia Perez has not exhausted his administrative remedies by filing an appeal to the BIA and awaiting the decision.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Id.* Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Mr. Velandia Perez argues only that his petition raises a substantial constitutional question. Dkt. 11 at 5–6. But he does not elaborate on why the challenge he raises to his bond denial warrants waiving exhaustion. He instead "requests leave to file a separate motion for limited abeyance." *Id.*[2] It is true that due process claims like Mr. Velandia Perez's "are generally exempt from the exhaustion requirement because the [BIA] does not have authority to adjudicate constitutional issues." *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir. 1993). But that exemption does not apply "when the 'petitioner's claim involves procedural errors correctable by the administrative tribunal.'" *Mojsilovic v. I.N.S.*, 156 F.3d 743, 748 (7th Cir. 1998) (quoting *Castaneda-Suarez*, 993 F.2d at 144).

A due process challenge to an immigration judge's finding that a petitioner was "a danger and flight risk" may "present[] an issue 'correctable by the administrative tribunal.'" *Guerrero Salgado v. Blanche*, No. 2:26-cv-00399-JPH-MJD, dkt. 28 at *1, *5 (S.D. Ind. Aug. 31, 2026) (quoting *Castaneda-Suarez*, 993 F.2d at 144). As in *Guerrero Salgado*, the petitioner here asserts that the immigration judge's bond denial deprived him of due process because the judge's decision was unsupported by the evidence. The BIA is as capable as

[2] Mr. Velandia Perez separately filed a motion for leave to file a motion seeking abeyance of his petition instead of dismissal if the Court determines that he failed to exhaust his administrative remedies. Dkt. 12.

this Court of reviewing the record and deciding this issue. If the BIA agrees with Mr. Velandia Perez, it may either remand the case for a new bond hearing or grant him release on bond. *See id.* (citing *Rapheal v. Mukasey*, 533 F.3d 521, 530 (7th Cir. 2008)).

Because the BIA may grant Mr. Velandia Perez the relief he seeks in this petition, he must raise and exhaust his challenge to his bond hearing there before seeking relief in this Court. *See Gonzalez*, 355 F.3d at 1017 ("[T]he Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance."). Rather than stay this case indefinitely, the Court will **deny** Mr. Velandia Perez's motion for leave to file a motion to hold this case in abeyance while he pursues his appeal to the BIA or other remedies. Dkt. 12.

## III. Conclusion

The petition for a writ of habeas corpus, dkt. [1], is **dismissed without prejudice** for failure to exhaust administrative remedies. Petitioner's motion for leave to file, dkt. [12], is **denied**.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 10/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.